UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNIKA HUDSON,

                      Plaintiff,

-against-

ASSET PROTECTION & SECURITY
SERVICES LP s/h/a ASSET SECURITY,
et al.,

                      Defendants.

No. 10 Civ. 3287 (LTS)(KNF)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 14 DEC 2011

## MEMORANDUM ORDER

Plaintiff Donnika Hudson ("Plaintiff") brings this action pursuant to 42 U.S.C. 2000e et seq. and New York City Administrative Code 8-101 et seq. asserting discrimination and retaliation on account of her gender (female) and sexual orientation (heterosexual) against Asset Protection & Security Services LP ("Asset'), Mark Balcerzak ("Balcerzak"), and Angela Ellis ("Ellis") (collectively, "Defendants"). The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. Asset and Balzerak have filed a motion for partial summary judgment seeking dismissal of Plaintiff's claims for damages for emotional distress. The Court has considered thoroughly all of the parties' submissions and, for the reasons stated below, the motion for partial summary judgment is denied.

## Background

From November 2007 through July 2008, Plaintiff was employed as a Detention Transportation Officer at Varick Federal Detention Facility ("Varick"). (Am. Compl. ¶¶ 10, 62.) Defendants supervised Plaintiff at Varick. (Am. Compl. ¶ 15.) Plaintiff alleges that Defendants discriminated against her and retaliated against her and that, as a result, she suffered emotional

distress. (Id. at ¶ 64; Hudson Interrog. 4.)

In their initial interrogatories Defendants asked Plaintiff to "Describe any, all and each injury [you] claim[] to have sustained as a result of the incident(s) alleged in the Complaint, including the nature and claimed duration thereof." (See Hudson Interrog. Resp. 3.) Plaintiff did not respond to that particular question, asserting that it constituted a contention interrogatory and violated Local Rule 33.3. (Id.) On March 23, 2011, Defendants requested an extension of time to complete discovery or permission to move for sanctions against Plaintiff for her failure to provide adequate discovery material. (See L. Bailey's Mar. 22, 2011, memo endorsed letter at docket entry no. 18.) Judge Fox granted an extension of the discovery deadline. (Id.)

Plaintiff was deposed on June 16, 2011, during which she discussed her allegation of emotional distress and certain physical symptoms. (Harman Decl. Ex. A, p170 et seq.) Some of Plaintiff's medical records were entered into evidence at the deposition. Id.

## Discussion

Defendants move to dismiss Plaintiff's claim for damages resulting from emotional distress on two grounds. First, Defendants argue that Plaintiff has failed to present evidence supporting a causal link between the alleged misconduct and Plaintiff's emotional distress. Defendants contend that Plaintiff cannot demonstrate such a causal link without expert testimony. (Mot. Summ. J. Br. 4.) Second, Defendants argue that they are entitled to summary judgment because Plaintiff has "refused to respond" to interrogatories regarding her alleged emotional injuries and that Local Rule 33.3 required her to do so 30 days before the close of discovery. (Id.) The Court will deny Defendants' motion.

Summary judgment as to a particular claim is appropriate where the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party must initially satisfy a burden of demonstrating the absence of a genuine issue of material fact, which can be done merely by pointing out that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

A damage award for emotional distress "must be supported by competent evidence concerning the injury," but "[e]vidence that a plaintiff has sought medical treatment, while helpful . . . , is not required." Patrolmen's Benevolent Assoc. v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002). Plaintiff's deposition testimony and her medical records support her allegations that she suffered emotional distress, that the distress manifested itself in physical symptoms such as panic attacks and sleeplessness, and that Plaintiff sought medical treatment. This evidence is sufficient to create a genuine issue of material fact.

Defendants have cited cases for the proposition that a plaintiff's own testimony, without more, is generally insufficient to warrant an award for emotional distress. See, e.g., Patrolmen's Benevolent Assoc. v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002); Annis v. County of Westchester, 136 F.3d 239, 249 (2d Cir. 1998). Here, the record contains, in addition to Plaintiff's testimony, medical records demonstrating that Plaintiff sought medical treatment. Defendants have not cited any legal authority for the proposition that a claim for emotional distress requires expert testimony, and Defendants' argument that such testimony is required is unavailing.

Defendants' assertion that Plaintiff's failure to respond to certain interrogatories warrants summary judgment in their favor is similarly unavailing. Defendants have not demonstrated any prejudice resulting from Plaintiff's failure to respond to the interrogatories.

Magistrate Judge Fox granted Defendants' request for additional discovery time to gather the information they sought, and Defendants had an ample opportunity to pose any remaining questions to the Plaintiff at her deposition.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is denied. This Memorandum Order resolves docket entry no. 30. The final pretrial conference in this action is scheduled for **Friday, March 20, 2012, at 12:00 noon.**

SO ORDERED.

Dated: New York, New York
December 14, 2011

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge