**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

DONNIKA "DEE" D. HUDSON,

      *Plaintiff,*

      -against-

ASSET SECURITY, MARC BALCERZAK,
and ANGELA ELLIS,

      *Defendants.*

------------------------------------------------------X

**No.: 10 CV 3287 (LTS)(KNF)**

**JOINT PROPOSED**
**REQUESTS TO CHARGE**

Plaintiff, Donnika Hudson, by her attorneys, The Harman Firm, PC, and Defendants, Asset Security and Marc Balcerzak, by their attorneys, Eckert Seamans Cherin & Mellott, LLC, pursuant to Rule 51 of the Federal Rules of Civil Procedure and the individual Rules of this Court, respectfully submit the following Joint Requests to Charge, reserving the right to submit requests for additional or modified charges based upon the evidence actually adduced at trial and to conform with any rulings of law the Court may render during the course of these proceedings.

DATED: New York, New York
       June 29, 2012

*Walk G Harman*

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
200 West 57th Street, Suite 900
New York, NY 10019
Tel.: (212) 425-2600
*Attorneys for Plaintiff*

Lawrence R. Bailey, Jr., Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
*Attorneys for Defendants*
10 Bank Street, Suite 700
White Plains, NY 10606

1

## Requested Instruction Number 1

### Conduct of Jurors

This is an important case, as are all cases that come before judges and juries, because all cases involve the rights and interests of individuals or entities.

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias for or against the Plaintiff or Defendants. The fact that the Plaintiff is an individual and the Defendant is a corporate entity as well as individuals should not affect your decision in any way. All persons and entities, whether big or small, are entitled to the same fair and conscientious consideration that you would give to individual persons. All parties stand as equals before the bar of justice.

You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

Similarly, the parties are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

## Requested Instruction Number 2

### Role of the Jury

Your role is to decide and pass upon the fact issues in this case. You are the sole and exclusive judges of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You determine the reasonable inferences to be drawn from the evidence or lack of evidence. And you resolve whatever conflicts you may find in the testimony.

With respect to any factual matters, your recollection and your recollection alone governs. Anything said by any counsel with respect to matters in evidence, whether while questioning witnesses or during argument, may not be substituted for your own recollection or evaluation of the evidence. So, too, anything that I may have said during the trial or may say during these instructions as to any factual matter is not to be taken in place of your own recollection or judgment.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to

2

request conferences out of the hearing of the jury. These are issues of law, which I must decide. You should not show any prejudice against an attorney because the attorney made objections or requested conferences, or asked for a ruling on the law.

During the trial, I have been called upon to make rulings on various questions. There may have been objections, or motions may have been made to strike the answers. You are to disregard all these matters. You are to disregard the fact that an objection was made and sustained or overruled or that conferences took place. These are matters of law, and although you may have been curious about them, you should not consider them.

Of course, if at any time I instructed you to disregard anything that was said, then you must follow that instruction and pay no attention to the testimony in your deliberations. Similarly, if I instructed you that certain evidence was received for a limited purpose, and then you must follow my instructions in that regard.

The fact that, at other times, I may have commented during the course of trial or asked questions of witnesses does not indicate any feeling of mine about the facts one way or the other. I have no such feelings, and my comments were intended only to clarify the issue at hand. Even if I had feelings, which I do not, it would be your judgment of the evidence that exclusively governs.

## Requested Instruction Number 3

### Nature of Evidence

The evidence that you are about to consider consists of the testimony of the witnesses who appeared before you, together with documents and other things that have been received into evidence. Exhibits which were marked for identification but were not received into evidence are not to be considered by you as evidence.

The law recognizes two types of evidence, direct evidence and circumstantial evidence. Direct evidence is a person's testimony of what the witness actually saw or heard, or what the witness learned or knew from the use of the witness's own senses.

Circumstantial evidence consists of proof of facts and circumstances from which, on the basis of common, ordinary experience, a person may reasonably infer the existence of a particular fact. Such evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the claim must be established by the party bearing the burden of proof on that particular claim.

Let me give you an example of circumstantial evidence. Suppose that this courtroom had no windows, so you could not see what the weather was like, and when

3

you came to court in the morning, it was a fine, sunny day. The trial proceeds for two or three hours, and then the door of the courtroom opens and in comes a person wearing a dripping raincoat and carrying a dripping umbrella. You cannot see or hear what the weather is like outside, but from your observation of this person with the dripping raincoat and umbrella, you may draw an inference about what has happened to the weather outside. This is an example of circumstantial evidence. It consists of circumstances from which, by common experience, one may reasonably infer an ultimate fact sought to be established. I have spoken of inferences to be drawn from the evidence. An inference is the deduction or conclusion that reason and common sense cause a reasonable mind to draw from facts that have been proven by the evidence. Just because a conclusion is logically possible does not make it a legitimate or fair inference. Only when the mind is reasonably led or directed to a particular inference by the direct or circumstantial evidence in the case is it a fair inference. Whether or not to draw a particular inference is, of course, a matter exclusively for you to decide, as are all determinations of fact.

## Requested Instruction Number 4

### Credibility of Witnesses

It is entirely up to you as judges of the facts to determine the credibility, or believability, of the witnesses. Your determination of a witness's credibility depends primarily upon the impression that witness made upon you as to whether or not the witness was giving an accurate version of what happened. The degree of credibility to be given a witness should be determined by the witness's demeanor; the witness's relationship, if any, to the controversy or to the parties; the witness's bias or impartiality; the reasonableness of the witness's statements; and the strength or weakness of the witness's recollection, viewed in the light of all the testimony and the attendant circumstances in the case. You may ask yourself, how did the witness impress you? Did the witness's version appear straightforward and candid, or did the witness try to hide some of the facts? Is there a motive of any kind to testify falsely or to shade the testimony offered? In other words, what you try to do is to "size the person up," just as you would do in any important matter in your own life when you are trying to determine whether or not a person is being truthful, candid and straightforward.

This is not intended to be an all-inclusive list. You may consider any factor that you believe bears upon a witness's credibility. If you do decide to accept a witness's testimony, after considering it in light of all the evidence in the case, then you may give it whatever weight, if any, you find it deserves. You may also accept certain parts of a witness's testimony, and reject other parts; if you determine that part of the testimony is credible and part is not.

4

When you walk into a courtroom as jurors, you do not leave your common sense, your good judgment or your life's experience at the door. You carry those experiences and common sense with you into the jury box, and into the jury room during your deliberations. Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from proven facts or to weigh and evaluate the evidence, or lack of evidence, provided during the trial.

## Requested Instruction Number 5

### Impeachment of Witnesses

You have heard evidence that at some earlier time a witness has said or done something which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement by a witness not a party to this action is not to be considered by you as affirmative evidence in determining liability. The evidence of the prior statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who is alleged to have contradicted him or herself. If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

However, if the witness who is alleged to have made a prior inconsistent statement is a party to the action, either a Plaintiff or a Defendant, then, in addition to considering that prior statement in determining how much, if any, of the party's testimony to believe, you may also consider the prior statement itself to be evidence in the case, so long as you find that the prior statement was made knowingly. A statement is "knowingly" made if it is made voluntarily and intentionally, and not because of mistake or accident or other innocent reason. In other words, if you find that a party knowingly made a prior statement which is inconsistent with his or her trial testimony, then you are free to believe the party's trial testimony, or prior statement, or both, in whole or in part, or you may disregard the party's testimony in its entirety.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any weight to give the inconsistent statement in determining whether to believe all or part of the witness's testimony. In making this determination, you may consider whether the witness purposefully made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether the explanation appealed to your common sense.

5

[Defendants object to this instruction as being confusing, overly technical and unnecessary. The proposed charge will likely confuse the jury. It is more appropriately considered as a limiting instruction given when certain testimony is presented as evidence. No citation is given for the charge.]

## Requested Instruction Number 6

### False Testimony and Discrepancies

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about everything. You are not required, however, to consider such a witness very unworthy of belief. You may accept as much of the witness's testimony as you deem true, and disregard what you feel is false.

Evidence of discrepancies in a witness's testimony may also be a basis for you to disbelieve a witness. On the other had discrepancies in a witness's testimony or between one witness's testimony and that of others does not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even truthful witnesses may be nervous and contradict themselves. It is also a fact that two people who witness an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood is a matter of importance and should be considered seriously.

After making your own judgment on these issues, you will give the testimony of each witness such weight, if any, as you think it deserves. As I said earlier, you may accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

It is for you to decide, based on your total impression of a witness, how to weigh the falsehoods or discrepancies in that witness's testimony. You should, as always, use common sense and your own good judgment.

Finally, you should attach no significance to the fact that certain witnesses were called to testify by the Plaintiff and that other witnesses were called by the Defendants.

Likewise, no significance should be attached to the fact that a document or other exhibit was introduced by one party rather than another. Every party is entitled to the benefit of any evidence tending to establish its contention, even though such evidence may have come from witnesses or documents introduced by another party. That is true with respect to any contested issue of fact in the case.

## Requested Instruction Number 7

### Interested Witness - Party Witness

The Plaintiff, and some of the Defense witnesses, are interested witnesses in this case. An interested witness is not necessarily less credible than a disinterested witness. The fact that a party is interested in the outcome of the case does not mean that a party has not told the truth. It is for you to determine from a witness's demeanor on the stand and such other tests as your experience dictates whether or not any of the witness's testimony has been colored, intentionally or unintentionally, by interest. You are at liberty, if you deem it proper under all the circumstances, to disbelieve the testimony of an interested witness, even though it is not otherwise impeached or contradicted. However, you are not required to disbelieve such a witness, and may accept all or such part of that witness's testimony as you deem reliable, and reject such part as you deem unworthy of acceptance. As with every witness, it is for you to judge the credibility of the witness and to weigh his testimony accordingly.

## Requested Instruction Number 8

### Interested Witness - Relationship to a Party

The fact that certain of the witnesses have now or have had in the past some relationship to a party may be considered by you in determining whether the witness's testimony was in any way influenced by the relationship between the witness and the party. Thus, the fact that Linda Edminster, Defendant Marc Balcerzak, Ron Gates, Joseph Murray, Todd Lumm, Angela Ellis, Tomasha Felix, Talisha Cambridge and Lt. Meriwether were employed by Defendant Asset Security may be considered by you in assessing the testimony of each witness.

Marc Balcerzak and Asset Security are, of course, interested parties in this case, and you may find that the relationship between a witness and a party may mean that the witness has some interest in the case, even though the witness himself or herself may not be a party to the action. You should use the same criteria that I described above in judging the testimony of each witness, if indeed you find that the witness has any interest in the case.

7

**[Defendants object to this instruction as being one-sided and unnecessary. Instruction No. 7, above, is sufficient. Other than Mr. Balcerzak and Mr. Gates, none of the witnesses identified above are now employed by Asset and they have not been employed by Asset for a substantial period of time.]**

## Requested Instruction Number 9

### Burden of Proof

Members of the jury, now that I have given you general instructions, I am going to instruct you on the law to be applied to the specific issues in this case. But first, I am going to explain the concept of "burden of proof." The burden of proof in this civil case is by a preponderance of the evidence. From television, books, and the movies you may have heard of something called proof beyond a reasonable doubt. I remind you, however, that is the standard of proof in a criminal trial. Since this trial is a civil case, that requirement does not apply and you should put it entirely out of your mind. I repeat that the burden of proof in this action, as a civil case, is by a preponderance of the evidence.

To establish something by a "preponderance of the evidence" simply means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means evidence which, when it is compared with the opposing evidence, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.

If you find that the credible evidence on an issue is evenly divided between the parties - you must decide the issue against the party who bears the burden of proof. That is because where a party has the burden of proof, it must prove more than simple equality of evidence - it must prove the element at issue by a preponderance of the evidence. On the other hand, the party is not required to prove more than preponderance. So long as you find that what a party claims has more convincing force and is more likely true than not true, then that element will have been proved by a preponderance of the evidence. A party bears the burden of proving all the elements of the party's claim by a fair preponderance of the credible evidence. In this case, the Plaintiff, Donnika Hudson, bears **the** burden of proof.[1]

---

[1] *Modern Federal Jury Instructions.* § 2.20

8

## Requested Instructions Number 10

### Substantive Law- Nature of the Action

In Plaintiff's suit against Asset Security and Marc Balcerzak, Plaintiff alleges she faced discrimination based on her gender and her sexual orientation while employed by Defendant Asset Security as Detention Transportation Officer, which discrimination she alleges created a hostile work environment. Plaintiff alleges that the discrimination also led to her unlawful retaliation and her illegal termination. Plaintiff also claims that she complained about discrimination based on her gender and sexual orientation and was terminated at least in part for complaining about discrimination in the workplace. Plaintiff alleges that the discrimination, hostile work environment, retaliation and unlawful termination were all in violation of Title VII of the Civil Rights Act and the New York City Human Rights Law ("NYCHRL").[2]  The question before you is whether Defendants Balcerzak and Asset Security subjected Plaintiff to discrimination based on her gender and sexual orientation in the workplace, thereby creating a hostile work environment, and ultimately terminated Plaintiff in retaliation for complaining about harassment and discrimination.

**[Defendants object to this instruction, labeled "Nature of the Action," as being incomplete and one-sided. The instruction does not set forth all necessary elements of the pending claims. In addition, the instruction impermissibly and prejudicially states that a violation of Title VII and the New York City Human Rights Law actually occurred. Defendants object to the Charge as it states Plaintiff was employed by Asset. Obviously, that is a contested issue of fact and the Court should not charge that Plaintiff was an employee. Plaintiff was employed by ASTI.]**

### Substantive Evidence Instruction

### Parties

### Plaintiff's Requested Instructions

The Plaintiff in this case is Donnika Hudson.  Donnika Hudson was a Detention Transportation Officer from November 27, 2007 to July 8, 2008.

The Defendants in this case are Asset Security, a Security company, and Mark Balcerzak, a Chief of Security at Defendant Asset Security.

### Defendant's Requested Instructions

---

[2] Sexual orientation discrimination is only in violation of the New York City Human Rights Law.

9

The Plaintiff in this case is Donnika Hudson a resident of Staten Island, New York.

Defendants in this case is ASSET SECURITY & SECURITY SERVICES, LP a Texas partnership and Mark Balcerzak is an employees of Asset Protection who is also a resident of the State of Texas.

## Requested Instruction Number 11

### Impartial Consideration of the Evidence

You must perform your duties as jurors without sympathy or bias towards either party. Under your oath as jurors, you must be guided solely by the evidence during the trial, without regard to the consequences of your decision. You must decide the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

## Requested Instruction Number 12

### All Parties Equal Before the Law

All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it will be given to you by the Court, and reach a just verdict, regardless of the consequences. The fact that one of the defendants in this case is a corporation must not affect your decision. All persons and entities are equal before the law, and corporations are entitled to the same fair, impartial, and conscientious consideration that you would give any individual person.[3]

## Requested Instruction Number 13

### Preponderance of the Evidence

In a civil action, such as this, the burden is on the Plaintiff to prove each and every element of her claim by a preponderance of the evidence. If, after considering all of the

---

[3] Adapted from Sand et al., Modern Federal Jury Instructions, Civil, Instruction 72-1 (2006)

10

evidence, you conclude that Plaintiff has failed to prove every element of her claim by a preponderance of the evidence, you must return a verdict for the Defendants.

To establish something by a "preponderance of the evidence" means to prove that it is more likely true than not true. It is such evidence that, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is more likely true than not true. In other words, a preponderance of the evidence means the greater weight of the evidence. If the evidence on any element of the Plaintiff's claim appears to be equally balanced, or if you cannot say on which side it lays heavier, then the Plaintiff has not met her burden of proof and you must find in favor of the Defendants.

A preponderance of the evidence refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all relevant exhibits admitted into evidence, regardless of who may have produced them.

Some of you may have heard of "proof beyond a reasonable doubt," which is the burden of proof in a criminal trial. This requirement does not apply to this case, which is a civil lawsuit brought by the Plaintiff against the Defendants. You should put the concept of reasonable doubt out of your minds.[4]

**[Defendants object to the last paragraph as repetitive.]**

## Requested Instruction Number 14

### Adverse Inference Charge

An act or omission is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. The Plaintiff does not need to show that the Defendants intended to deprive her of her constitutional rights. Rather, Plaintiff only need prove that the acts or omissions actually intended by the Defendants had the effect of depriving Plaintiff of her federal rights or rights under the NYCHRL. In determining whether the Defendants acted with the requisite knowledge, you should remember that although witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what

---

[4] Sand et al., *Modem Federal Jury Instructions*, Civil, Instructions 73-1, 73-2 (2006); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997); *United States v. Wilson*, 493 F. Supp.2d 526, 533 (E.D.N.Y. 2007); *United States v. Muse*, No. CR-06-600 (DLC), 2007 WL 1989313, at *15 (S.D.N.Y. July 3, 2007) (slip op.).

11

was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**[Defendants object to this proposed charge as inapplicable and confusing. There is no articulated basis for drawing an adverse inference. Defendants further object as the charge does not differentiate between the individual defendant and the corporate defendant.   Also, the charge is not proper in an employment discrimination case alleging intentional discrimination.   There is no claim in this case alleging state action or deprivation of a constitutional right. Plaintiff is alleging intentional discrimination against her alleged employer on the basis of gender / sexual orientation. Plaintiff's statement that "Plaintiff does not need to show that the Defendants intended to deprive her of constitutional rights" is confusing, inaccurate, and not supported by the claims at issue in this case.]**

### Requested Instruction Number 15

**Discrimination Charge**

**Plaintiff's Requested Instruction**

Plaintiff bases her lawsuit on Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law (NYCHRL).  Gender discrimination claims brought pursuant to the Title VII and the NYCHRL are analyzed using a three-step burden-shifting framework.

First, that Defendant terminated the Plaintiff; and,

Second, that Plaintiff's termination was a motivating factor in Defendant's decision.

Employment claims brought under the NYCHRL for gender and sexual orientation discrimination are analyzed using the same framework as Title VII but are characterized as having a uniquely broad and remedial purpose.[5]

[Defendants objects as this is not a proper charge and does not correctly state the law.  Defendants requested instructions should be used.]

Defendants' Requested Instruction[6]

---

[5] *Williams v. The New York City Housing Authority*; 61 A.D.3d 62 (2009 N.Y. App. Div.).

[6] Plaintiff objects to Defendants' Requested Instruction Number 15 to the extent that Defendants instruct the jury to consider whether Plaintiff has proven that her gender / sexual orientation was a motivating factor in the decision to terminate her employment.  Plaintiff does no claim she was terminated because of her gender and/or sexual

Plaintiff is alleging that Asset unlawfully discharged her from her job as a detention and transportation officer – and that they did so on account of her gender (female) and/or her sexual orientation (heterosexual).

**[Plaintiff objects in that she also pleads disparate treatment with respect to the terms and conditions of her employment prior to her termination.]**

In order for Plaintiff to recover on her discrimination claim against Defendants, Plaintiff must first prove that Asset was her employer. Plaintiff must also prove that, as her employer, Asset intentionally discriminated against her because of her gender and/or sexual orientation. This means that, if you determine that Asset was in fact Plaintiff's employer, you must then consider whether Plaintiff has proven that her gender / sexual orientation was a motivating factor in the decision to terminate her employment.

**[Plaintiff objects in that she need only show that Defendant Asset was a joint employer, one of her employers, or functioned as her employer, not that Asset was her "employer."][7]**

In order to prevail on this claim, therefore, Plaintiff must prove each of the following by a preponderance of the evidence:

First: That Asset was Plaintiff's employer. In making this initial determination, you should consider the common meaning of the term "employer" and whether Asset performed the traditional functions one would expect an employer to perform. Factors you should consider include Asset's responsibility, or lack thereof, for hiring, firing, discipline, pay, insurance, record keeping and supervision, although no one function is dispositive.

**[Plaintiff objects to the use of the terms "traditional function" and "common meaning of the term 'employer.'" The jury should be charged with respect to Asset as a joint employer.][8]**

---

orientation. Plaintiff claims that she was terminated in retaliation for complaining about the discrimination to which she was subjected at Defendant Asset Security. *See* Complaint.

[7] Liable under federal and state civil rights law as "joint employers." *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 89 (2d Cir. 2005) (acknowledging applicability of joint employer doctrine to claims asserted under the ADEA). In evaluating the applicability of joint employer doctrine to the ADEA, courts within this Circuit construe the term "employer" consistent with the construction of that term under Title VII. *See Laurin v. Pokoik*, 2004 WL 513999, *4 (S.D.N.Y. 2004); *Pemrick v. Stracher*, 67 F.Supp.2d 149, 169 n. 15 (E.D.N.Y. 1999). Although many circuits have established bright line rules for determining "joint employer" relationship, the 2nd Circuit has not. *Clinton's Ditch Cooperative Co. v. NLRB*, 778 F.2d 132 138-40 (2d Cir. 1985). Specifically, the Court in *Clinton's Ditch* looked at: hiring and firing, discipline, pay, insurance and records, and supervision to be determinative factors.

[8] Liable under federal and state civil rights law as "joint employers," *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 89 (2d Cir. 2005) (acknowledging applicability of joint employer doctrine to claims asserted under the ADEA). In evaluating the applicability of joint employer doctrine to the ADEA, courts within this Circuit construe the term

Second: That Asset involuntarily[9] discharged Plaintiff from her job; and

**[Plaintiff objects to this in its entirety.]**

Third: That Plaintiff's gender and/or sexual orientation were a motivating factor in Asset's decision.

Asset denies that it was Plaintiff's employer and denies that it was responsible for making the decision to terminate Plaintiff's employment. In addition, Asset denies that Plaintiff was discharged for discriminatory reasons. According to Asset, Plaintiff was discharged, not because of her gender or sexual orientation, but as a result of her conduct, including her arrest on or about June 30, 2008, at which time she was charged with multiple crimes, including Theft of Services, Resisting Arrest and Disorderly Conduct.

If you find that Plaintiff has proven each of the above-required elements of her claim, and if you disbelieve Asset's explanation regarding the reason for her discharge, then you may, but need not, find that Plaintiff has proven intentional discrimination on the basis of gender and/or sexual orientation. In determining whether Asset intentionally discriminated against Plaintiff on account of her gender/sexual orientation, you may consider whether Asset's explanation is truthful, or whether Asset's explanation is a pretext, or cover-up, for intentional discrimination. However, you may not question Asset's business judgment.[10] You cannot find intentional discrimination simply because you disagree with the business judgment of the defendant or believe it is harsh or unreasonable. You are not to consider Asset's wisdom. However, if you find that Asset made the decision to discharge Plaintiff, you may consider whether Asset's explanation is merely a cover-up for intentional discrimination.

**[Plaintiff objects to the use of the term "business judgment" as that is a legal term, and no explanation of that legal term has been provided.]**

Ultimately, if you determine that Asset was Plaintiff's employer and that Asset involuntarily discharged Plaintiff from her job, you must determine whether Asset's

---

"employer" consistent with the construction of that term under Title VII. *See Laurin v. Pokoik*, 2004 WL 513999, *4 (S.D.N.Y. 2004); *Pemrick v. Stracher*, 67 F.Supp.2d 149, 169 n. 15 (E.D.N.Y. 1999). Although many circuits have established bright line rules for determining "joint employer" relationship, the 2nd Circuit has not. *Clinton's Ditch Cooperative Co. v. NLRB*, 778 F.2d 132 138-40 (2d Cir. 1985). Specifically, the Court in *Clinton's Ditch* looked at; hiring and firing, discipline, pay, insurance and records, and supervision to be determinative factors.

[9] Plaintiff objects to the use of the term "involuntarily" to the extent Plaintiff does not know what it means in this context.

[10] Plaintiff objects to the use of the terms "business judgment" to the extent these are not legal terms in the context of employment litigation.

14

explanation is a pretext and whether Plaintiff has proven that her gender and/or sexual orientation motivated Asset's decision.[11]

**[Plaintiff objects to this charge as compound, convoluted and nearly impossible to follow. Further, the jury need only find that Asset was a joint employer.]**

## Requested Instruction Number 16

### Hostile Work Environment Charge

#### Plaintiff's Requested Instruction

In order for a plaintiff to maintain a Title VII claim based on hostile work environment sexual harassment, the plaintiff must prove the following by a preponderance of the evidence:

1. The plaintiff was a member of a protected class;
2. The plaintiff was subject to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature;
3. The harassment complained of was based on sex;
4. The charged sexual harassment had the effect of unreasonably interfering with plaintiff's work performance and creating an intimidating, hostile or offensive work environment; and,
5. The Defendant Asset has responsibility for the acts of sexual harassment in the workplace to which the plaintiff was subjected.

Hostile work environment claims under the NYCHRL are measured by the same standard as Title VII claims, but do not require the harassment leading to the hostile work environment to be as "severe or pervasive." The NYCHRL imposes liability for harassing conduct that does not qualify as 'severe or pervasive,' and 'questions of 'severity' and 'pervasiveness' are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability.[12]

---

[11] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Olson v. New York*, 315 Fed App'x 361 (2d Cir. 2009).

[12] *Zustovich v. Harvard Maint., Inc.*, 73 Fed. R. Serv. 3d 462 (S.D.N.Y. 2009).

**[Defendants object to Plaintiff's proposed instruction as being incomplete and confusing. Plaintiff's proposed charge does not accurately instruct the jury as to the elements they must consider. Plaintiff's last paragraph of the proposed instruction reads like a legal citation as opposed to a jury instruction. Defendants request that their proposed instruction be given. This charge does not take into account the facts in this case that Plaintiff must prove that Defendants knew about the sexual harassment, inter alia.]**

Defendants' Requested Instruction[13]

Plaintiff claims that she was subjected to unlawful harassment in the workplace and that this harassment was motivated by Plaintiff's gender (Female).

To prevail on her claim of unlawful harassment predicated on gender, Plaintiff must prove the following by a preponderance of the evidence:

First, that Asset was Plaintiff's employer. You should assess this issue under the same factors previously provided to you;

**[Plaintiff objects in that she need only show that Asset was a joint employer.]**

Second, that Plaintiff was subjected to harassment during the course of her employment;

Third, that the harassing conduct was not welcome by Plaintiff;

Fourth, that the harassing conduct was based on Plaintiff's gender. For purposes of this element, Plaintiff must show that the specific individuals she contends were harassing her were motivated, not by a dislike of Plaintiff unrelated to a protected attribute, but rather by Plaintiff's gender (female);

Fifth, that the conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable person's reaction to Plaintiff's work environment;

---

[13] Plaintiff objects to Defendants' Requested Instruction Number 16 to the extent that Defendants neglect to inform the jury about the differences in the analysis of hostile work environment claims under Title VII and the NYCHRL. *See Zustovich v. Harvard Maint., Inc.,* 73 Fed. R. Serv. 3d 462 (S.D.N.Y. 2009); *see also Bermudez v. The City of New York et al.,* 2011 U.S. Dist. LEXIS 33807 (S.D.N.Y. 25 Mar. 2011)("The NYCHRL imposes liability for harassing conduct that does not qualify as 'severe or pervasive,' and 'questions of 'severity' and 'pervasiveness' are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability")

Sixth, that Plaintiff believed her work environment to be hostile or abusive; and,

Seventh, for any conduct alleged to be engaged in by non-supervisory employees of Asset, Plaintiff must prove that management level employees of Asset knew, or should have known, of the abusive conduct and failed to take reasonable action to prevent it. You may find that management level employees should have known of the alleged conduct if 1) an employee provided management level personnel with enough information to raise a probability of gender-based harassment in the mind of a reasonable employer; or 2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

For purposes of a workplace harassment claim, simple discourtesy, petty slights and trivial inconveniences, without more, do not rise to the level of unlawful harassment.

If any of the above elements have not been proven by a preponderance of the evidence, your verdict must be for defendant on Plaintiff's federal harassment claim.[14]

Plaintiff is also bringing a hostile work environment claim under New York City law. This claim is similar to the claim I just described. For purposes of this claim, Plaintiff is contending that she was subjected to unlawful harassment in the workplace and that this harassment was motivated by Plaintiff's gender and/or sexual orientation.

To prevail on her claim of unlawful harassment under New York law, Plaintiff must prove the following by a preponderance of the evidence:

First, that Plaintiff was subjected to harassment during the course of her employment;

Second, that the harassing conduct was not welcome by Plaintiff;

Third, that the harassing conduct was based on Plaintiff's gender and/or sexual orientation. For purposes of this element, Plaintiff must show that the specific individuals she contends were harassing her were motivated to do so, not by a dislike of Plaintiff unrelated to a protected attribute, but rather by Plaintiff's gender (female) and/or sexual orientation (heterosexual); and,

Fourth, for any harassing conduct alleged to be engaged in by non-supervisory employees of Asset, Plaintiff must prove that management level employees of Asset

---

[14] *Faragher v. City of Boca Raton*, 524 U.S. 775, 786-88 (1998); *Kaur v. N.Y. City Health and Hosp. Corp.*, No. 07 Civ 6175(LAP), 2010 WL 649284, at *17-21 (S.D.N.Y. Feb. 19, 2010); *Scott v. City of N.Y. Dept. of Correction*, 641 F. Supp. 2d 211, 223 (S.D.N.Y. 2009); *Citroner v. Progressive Casualty Ins. Co.*, 208 F.Supp. 2d 328 (E.D.N.Y. 2002); Adapted from Third Circuit Model Jury Instructions.

knew, or should have known, of the harassing conduct and failed to take reasonable action to prevent it.

You are further instructed that the anti-harassment law is not intended to operate as a general civility code.[15] Therefore, if defendant has demonstrated that the complained of conduct amounts to nothing more than discourtesy, petty slights and/or trivial inconveniences,[16] your verdict must be for the defendant on this claim.[17]

## Requested Instruction Number 17

### Plaintiff's Request to Charge

### Retaliation Charge

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show the following:

1. Protected opposition to discrimination;
2. Adverse action by an employer contemporaneous with or subsequent to the employee's protected activity; and,
3. A causal connection between such activity and the employer's action subjected.

If a *prima facie* case is established, the burden shifts and the defendant must articulate a legitimate, nondiscriminatory reason for the adverse action.   Once the defendant has dispelled the inference of retaliation by establishing a legitimate, nondiscriminatory reason, the plaintiff can still prevail if the plaintiff demonstrates the articulated reason was a mere pretext for discrimination.[18]

---

[15] Plaintiff objects to the use of the terms "civility code" to the extent that they do not constitute a legal defense.

[16] Plaintiff objects to this instruction to the extent that this is based on Federal Law only.

[17] *Kaur v. N.Y. City Health and Hosp. Corp.*, No. 07 Civ 6175(LAP), 2010 WL 649284, at *20-21 (S.D.N.Y. Feb. 19, 2010); *Scott v. City of N.Y. Dept. of Correction*, 641 F. Supp. 2d 211, 223 (S.D.N.Y. 2009); *Williams v. N.Y. City Housing Auth.*, 61 A.D. 3d 62 (N.Y. App.Div. 2009); *Farrugia v. N. Shore Univ. Hosp.*, 820 N.Y.S. 2d 718 (N.Y. Sup. Ct. 2006).

[18] Tenth Circuit: *Purrington v University of Utah*, 996 F.2d 1025 (10th Cir. 1993); Eleventh Circuit: *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993).

18

To show retaliation under the NYCHRL, Plaintiff must demonstrate that: i) she was engaged in a protected activity; ii) the employer was aware of that activity; and iii) she suffered an action that would be reasonably likely to deter a person from engaging in a protected activity.[19]

In order to prove that she engaged in a "protected activity," Plaintiff must establish that she complained about conduct made unlawful under applicable employment laws (such as complaining about workplace discrimination or harassment based on gender) and that, when she made his complaint, she was acting under a good faith, reasonable belief that a violation of federal, state or local employment law existed. Plaintiff need not prove the merits of the underlying discrimination complaint. She must prove that she subjectively believed that defendant was engaged in unlawful employment practices and that her belief, although perhaps mistaken, was objectively reasonable in light of the facts and record presented.[20]

**[Defendants object to Plaintiff's proposed instruction as being incomplete and confusing. Plaintiff's proposed charge does not define or explain the legal terminology used and does not accurately instruct the jury as to the elements they must consider. Plaintiff's proposed instruction is more akin to a legal citation than a request for charge. Defendants request that their proposed charge be given.]**

**Defendants' Requested to Instruction**

**Elements of Plaintiff's Retaliation Claim Against Asset**

**Title VII and NYC Administrative Code**

Plaintiff further claims that Asset decided to terminate her employment in retaliation for having engaged in "protected activity." To prevail on a claim of retaliation, Plaintiff must prove by a preponderance of the evidence all of the following *prima facie*, or threshold, elements:

First, that Asset was Plaintiffs employer. Again, you should assess this issue under the same factors previously provided to you;

**[Plaintiff objects to the jury being repeatedly charged as to whether Asset was an employer for each individual legal claim. Further, Plaintiff need only show that Asses was a joint employer to prevail.]**

---

[19] *Selmanovic v. NYSE Group, Inc.,* 2007 U.S. Dist. LEXIS 94963 (S.D.N.Y. 21 Dec. 2007).

[20] *Clark County School District v. Breeden,* 532 U.S. 268, 121 S. Ct. 1508 (2001); Watson v. E.S. Sutton, Inc., 2005 WL 2170659 at * 8 (S.D.N.Y. Sept. 6, 2005).

Second, that she engaged in "protected activity," that is, she complained about conduct made unlawful under applicable employment laws, such as complaining about workplace discrimination or harassment;

. Third, that Defendants were aware that Plaintiff had participated in the protected activity;

**[Plaintiff proposes the insertion of "or should have been aware of" after "aware."]**

Fourth, that Defendants took adverse action against Plaintiff – *i.e.*, that Defendants involuntarily terminated Plaintiff's employment; and

**[Plaintiff objects to the use of the terms "involuntary" as being misleading and having no legal significance.]**

Fifth, a causal connection existed between Plaintiff's protected activity and the adverse action taken by Defendants.

Unless you find that Plaintiff has proven by a preponderance of the evidence all of these elements, you must render your verdict in favor of Defendant on Plaintiff's retaliation claim.

Authority: *Adapted from Third Circuit Court of Appeals Model Jury Instructions; Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003); *Reed v. A. W. Lawrence & Co.*, 905 F.3d 1170, 1178 (2d Cir. 1996); *Kaur v. N.Y. City Health and Hasp. Corp.*, No. 07 Civ. 6175(LAP), 2010 WL 649284 at *15-16 (S.D.N.Y. Feb. 19, 2010); *Board of Educ. of New Paltz Cent. Sch. Dist., v. Donaldson*, 41 A.D. 3d 1138, 1140 (N.Y. App. Div. 2007).

**[Plaintiff objects to Defendants broad retaliation instruction to the extent it suggests that retaliation claims under Title VII and NYCHRL are analyzed the same; they are not. For a retaliation claim under the NYCHRL, the Plaintiff need only show that the employee's conduct would deter the employee from complaining.[21]]**

### Retaliation: Explanation of Protected Activity - Good Faith, Reasonable Belief.

In order to prove that she engaged in "protected activity," Plaintiff must establish that she complained about conduct made unlawful under applicable employment laws

---

[21] Under the NYCHRL, the plaintiff need only suffer an adverse action, which in any way would deter further complaints. *See Selmanovic v. NYSE Group, Inc.*, 2007 U.S. Dist. LEXIS 94963 (S.D.N.Y. 21 Dec. 2007)

(such as complaining about workplace discrimination or harassment based on gender) and that, when she made his complaint, she was acting under a good faith, reasonable belief that a violation of federal, state or local employment law existed. Plaintiff need not prove the merits of the underlying discrimination complaint. However, she must prove that she subjectively believed that Defendant was engaged in unlawful employment practices and that her belief was objectively reasonable in light of the facts and record presented. It is not enough for Plaintiff to allege that her belief in this regard was honest and *bona fide*. Rather, the allegations and record must indicate the Plaintiff's belief, although perhaps mistaken, was objectively reasonable.

Authority: *Clark County School District v. Breeden*, 532 U.S. 268, 121 S. Ct. 1508 (2001); *Watson v. E.S. Sutton, Inc.*, 2005 WL 2170659 at *8 (S.D.N.Y. Sept. 6, 2005).

## Retaliation: Legitimate Reason and Pretext

If you find that Plaintiff has proven all of the elements of a *prima facie* case of retaliation, you must consider the defendant's explanation as to why Plaintiff's employment ended. The defendant has explained that Plaintiff was discharged as a result of her own conduct, including her arrest on June 30, 2008.

Plaintiff can meet her overall burden of proving that the Defendant intentionally retaliated against her by proving that Defendant involuntarily discharged her, and that the reason given by the Defendant for the termination of her employment was not the true reason, but was a pretext for unlawful retaliation. If the Plaintiff proves that Asset was responsible for discharging her and that the reason given by Asset was not the actual reason for the termination of Plaintiff's employment, but a fabricated reason, you may, but need not, infer unlawful retaliatory intent from a combination of the evidence offered to establish the elements of a *prima facie* case and the falseness of the reason given by Defendant. Ultimately, if you determine that Defendant involuntarily discharged Plaintiff, you must determine whether you disbelieve Defendant's explanation for Plaintiff's discharge and whether Plaintiff has proven that her alleged "protected activity" was a motivating factor in the termination of her employment.

**Authority:** *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003).

**[Plaintiff objects to Defendants' charge as convoluted, nonsensical and impossible to follow. Plaintiff further objects to the repeated use of the term "involuntary," as that term is misleading and has no legal meaning and is extremely prejudicial.]**

## Requested Instruction Number 18

## Plaintiff's Requested Instruction

### Pretext

If the Defendants have satisfied the burden of production by proffering evidence tending to show a non-discriminatory reason for the challenged action, the Plaintiff may introduce evidence that the Defendants' articulated reason for their action was nothing more than a pretext for retaliation. In other words, the Plaintiff may introduce evidence to show that the Defendants' reason is not the true reason why the Defendants took adverse action against the Plaintiff, that such reason is unworthy of belief and the true reason for the adverse action was retaliation.

If the Plaintiff proves that Asset was responsible for discharging her and that the reason given by Asset was not the actual reason for the termination of Plaintiff's employment, but a fabricated reason, you may, but need not, infer unlawful retaliatory intent from a combination of the evidence offered to establish the elements of a prima facie case and the falseness of the reason given by defendant. Ultimately, if you determine that defendant involuntarily discharged Plaintiff, you must determine whether you disbelieve defendant's explanation for Plaintiff's discharge and whether Plaintiff has proven that her alleged "protected activity" was a motivating factor in the termination of her employment.[22]

When you consider the Plaintiff's evidence that the reason advanced by the Defendant is a pretext, keep in mind that the relevant question is whether the Defendants' reason was not the real reason for their action. The question is not whether the Defendants' reason showed poor or erroneous judgment. You are not to judge the Defendants' wisdom. It is not the function of a jury to second-guess business decisions. The law protects employees from conduct designed to deprive them of rights created under applicable employment laws; it does not impose liability on an employer for misjudgments respecting an employee's conduct. The Defendants would be entitled to make their decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination.[23] However, you may consider whether the Defendants' reason is merely a cover-up for discrimination. You also should carefully evaluate any subjective reasons the Defendants have asserted for taking the

---

[22] *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003).

[23] *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1116 (2d Cir. 1988); *Smith-Barrett v. Potter*, 541 F.Supp.2d 535, 541 (W.D.N.Y. 2008); *Foxworth v. Am. Bible Society*, No. 03 Civ. 3005(MBM), 2005 WL 1837504 at *7 (S.D.N.Y. July 28, 2005); Crawford-Mulley v. Corning, Inc., 194 F.Supp. 2d 212, 222 (W.D.N.Y. 2002); *Molin v. Permafiber Corp.*, No. 01 Civ. 9279(SHS), 2002 WL 31760215 at *7 (S.D.N.Y. Dec. 9, 2002); *Walker v. AT & T Technologies*, 995 F. 2d 846, 849 (8th Cir. 1993)(reversible error to refuse business judgment instruction in an employment discrimination case).

action against the Plaintiff that it did in deciding whether the Plaintiff has met her burden of proof.

It is the Plaintiff's burden to persuade you, by a preponderance of the evidence, that the Defendants took the adverse action against the Plaintiff because of her complaints about discrimination. If you do not believe the Defendants' explanation for their action, then you may infer, but need not infer, that the Plaintiff has satisfied her burden of proof that the Defendants intentionally discriminated against her because of her complaints.

**[Defendants object to this instruction and requests that the Defendants above stated instruction, entitled "Legitimate Reason and Pretext" be given.]**

## Plaintiff's Requested Instruction Number 19

### Recklessness

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the Defendants acted with the requisite recklessness, you should again remember that there is no way of looking into people's minds. You must therefore look to what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**[Defendants object to this instruction as not applicable to the present case]**

## Plaintiff's Requested Instruction Number 20

### Gross Negligence

An act is grossly negligent if it evidences the want of even scant care, or an extreme departure from the ordinary standard of conduct. Gross negligence generally signifies more than ordinary inadvertence or inattention, but less perhaps than conscious indifference to the consequences. The Defendants cannot insulate themselves by remaining ignorant of any problems in the face of a duty to investigate.

Similarly, if Defendants failed to take action because their investigation of the facts was slipshod, or as a result of their indifference to the Plaintiff's rights, such conduct may be considered gross negligence.[24]

---

[24] *Fargo v. City of San Juan Bautista*, 857 F.2d 638 (9th Cir. 1988); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987); W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser & Keeton on The Law of Torts, § 34, at 212 (5th Ed. 1984).

[Defendants object to this instruction as not applicable to the present case]

## Joint Requested Instruction Number 21

### Individual Liability For Aiding and Abetting Against Balcerzak

In addition to her claims against Asset, under New York City law only, Plaintiff seeks to recover personally from Marc Balcerzak for allegedly "aiding and abetting" in what she contends was the unlawful discriminatory conduct committed by Asset. In order for Plaintiff to recover against an individual defendant for "aiding and abetting" discrimination in the workplace, Plaintiff must first establish that the principal defendant, in this case Asset, is liable for the alleged unlawful conduct. In other words, Plaintiff must first prove that Asset engaged in the unlawful conduct alleged in this case – namely, gender / sexual orientation discrimination, retaliation and hostile work environment harassment. If Plaintiff has not proven the aforementioned claims against Asset, there can be no individual liability on the part of Mr. Balcerzak.

If you find that Asset is liable to Plaintiff on some or all of the aforementioned claims, you must then consider whether Mr. Balcerzak is individually liable for "aiding and abetting" the unlawful conduct of Asset. To establish individual liability on the part of Mr. Balcerzak, Plaintiff must prove that Mr. Balcerzak actually participated in the unlawful acts, if any, attributable to Asset. This requires Plaintiff to prove that Mr. Balcerzak shared the alleged discriminatory intent and purpose of Asset, such that Mr. Balcerzak intended to aid in unlawful discrimination, if any, by Asset. In this regard, you should consider whether Mr. Balcerzak directly and purposefully participated in any discriminatory conduct.[25]

## Joint Requested Instruction Number 22

### Deliberations of the Jury

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You

---

[25] *Goldschmidt v. N.Y. State Affordable Hous. Corp.*, 380 F.Supp. 2d 303, 319-20 (S.D.N.Y. 2005); *Brice v. Sec. Operations Sys., Inc.*, No. 00 Civ. 2438(GEL), 2001 WL 185136 at * 3-7 (S.D.N.Y. Feb. 26, 2001); *Nedelman v. Gruner & Hahr USA Pub.*, No. 98 CIV. 1231(LMM), 2000 WL 502858 at *12 (S.D.N.Y. Apr. 26, 2000); *Mills v. George R. Funaro & Co.*, No. 99 Civ. 4816(LAP), 2001 WL 50893 at * 8 (S.D.N.Y. Jan. 19, 2001).

must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case. You all took an oath when this case started that you would – without any fear or favor to any party to this lawsuit – consciously and truthfully try the issues before you according to the evidence as you determine it to be here in open court and I have no doubt that you will discharge your responsibility carefully and conscientiously.[26]

In arriving at a verdict in this case, under your oath as jurors, you must not permit sympathy, prejudice or emotion to influence you. You must put aside any personal feelings you may have about the parties in this case. You should be guided solely by the evidence presented during the trial without regard to the consequences of your decision. You are to perform your duties without bias for, or prejudice against, any party.[27]

## Joint Requested Instruction Number 23

### Compensatory Damages

If you return a verdict for the Plaintiff, then you must consider the issue of actual damages, and must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of the Defendants.

You shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants in violation of Title VII's and/or NYCHRL's provision against discrimination. That is, you may not simply award actual damages for any injury suffered by Plaintiff – you must

---

[26] Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 74.01 (4th ed. 1987).

[27] Sand, § 71.01.

award actual damages only for those injuries that are a direct result of actions by these Defendants and that are a direct result of conduct by Defendants in violation of this law.[28]

### Causation

I have said that you may award damages only for those injuries which you find the Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants in violation of Title VII and/or NYCHRL. You must distinguish between, on the one hand, the existence of a violation of the Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the Defendants discriminated against Plaintiff, you must ask whether the Plaintiff has proven by a preponderance of evidence that the discrimination caused the damages that she claims to have suffered.

## Plaintiff's Requested Instruction Number 24

### Back Pay and Front Pay

(a) Back Pay

Successful Title VII and NYCHRL Plaintiffs frequently receive back pay awards—*i.e.*, awards of the amounts they would have received in salary and benefits from the date of the wrongful action to the date the wrongful action is rectified. If you find unlawful discrimination under Title VII and the NYCHRL, you must award back pay.

(b) Front Pay

In addition to back pay, courts have discretion, under Title VII and the NYCHRL to award front pay—*i.e.*, the salary and benefits Plaintiff would have received from the date of the judgment to a reasonable date in the future, but for Defendants' unlawful conduct.[29] Awards of front pay are appropriate to make injured Plaintiffs whole in those cases where the equitable relief of reinstatement is not feasible. If you find unlawful discrimination, you may award front pay.

---

[28] *Memphis Community School District v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Basista v. Weir*, 340 F.2d 74 (3d Cir. 1965).

[29] *Dunlap-McCuller v. Riese Corporation*, 980 F.2d 153 (2d Cir. 1992).

26

## Joint Requested Instruction Number 25

### Nominal Damages

If you find that the Defendants violated the Plaintiff's rights, but she suffered no measurable injury as a result of this conduct, you may award the Plaintiff "nominal damages." Nominal damages may not be awarded for more than a token sum, usually one dollar.

You should award nominal damages if you conclude that the only harm that the Plaintiff suffered was the violation of her rights under the civil rights laws, without any physical, emotional, or financial injury. You also may award nominal damages if you find that the Plaintiff experienced some injury, but you are unable to compute the monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and compensatory damages. If the Plaintiff was measurably injured, you must award compensatory damages; if she was not, you may award nominal damages.[30]

## Joint Requested Instruction Number 26

### Mitigation of Damages

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law requires the injured person to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage. The law does not require that the injured person exert herself unreasonably or incur unreasonable expenses in an effort to mitigate damages. The law imposes the same duty to mitigate damages on a person who claims she is injured due to employment discrimination, as on any other person claiming damages.

If you find that the Defendants are liable and that the Plaintiff has suffered damages, the Plaintiff may not recover for any damages she could have avoided through her own reasonable efforts. If the Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of that opportunity. The burden is on the Defendants to prove that the Plaintiff unreasonably failed to mitigate her damages.

---

[30] Sand, *et al.*, *Modern Federal Jury Instructions*, Civil, Instruction 77-6 (2004).

The question whether the Plaintiff acted "reasonably" with respect to the mitigation of damages is one for the jury to decide, as the sole judges of the facts. In deciding whether to reduce the Plaintiff's damages due to some failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendants have satisfied their burden of proving that the Plaintiff's conduct was not reasonable.[31]

## Requested Instruction Number 27

### Employers' Personal Discrimination

It is the Plaintiff's position that an additional reason for believing that there was gender and sexual-orientation discrimination in this case, is the evidence that some employees made discriminatory remarks on other occasions, or had acted to discriminate on the basis of gender and sexual orientation as to the Plaintiff. It is also the Plaintiff's position that those persons were involved in the chain of decisions that led to the decision to discriminate in this case. Obviously, if you conclude that an employee who has had a role in the final decision to terminate the Plaintiff, was shown to have been inclined to discriminate on the basis of gender and/or sexual orientation, that would be an important factor to consider.

**[Defendants objects as this is not a proper statement of the law. No cites are provided and the charge is not a proposed instruction but a statement of the law of evidence. "Plaintiff's position" is not properly in a request to charge.]**

Plaintiff's Requested Instruction Number 28

Punitive Damages

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for their conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that the Defendants' conduct was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

---

[31] Sand, *et al., Modern Federal Jury Instructions*, Civil, Instruction 77-7 (2005).

Plaintiff must prove by a preponderance of the evidence that Defendant's officers acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be discriminated and/or retaliated against. In determining whether Defendant Marc Balcerzak and/or Defendant Angela Ellis were managerial employees of Defendant Asset Security, you should consider the kind of authority Defendant gave them, the amount of discretion they had in carrying out their job duties, and the manner in which they carried them out. You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an anti-discrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

1. The reprehensibility of Defendants' conduct;

2. The impact of Defendants' conduct on Plaintiff;

3. The relationship between Plaintiff and Defendants;

4. The likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

5. Defendants' financial condition; and,

6. The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

[Defendant objects to this Charge No. 28 as it was only first submitted at 11:31 a.m. Same does not provide the Defendants with sufficient time to review the law and prepare an alternative charge. No legal citation was given for the Charge. Also, Defendants would contend it is not a correct statement of the law. Also, Plaintiff is not entitled to punitive damages as a matter of law. Because of the lateness of the submission, if time permits, the Defendant will submit an alternative charge.]

Defendants' Requested Instruction No. 28

Punitive Damages[32]

---

[32] Defendants object to an instruction regarding punitive damages, as the evidence does not warrant such an instruction. If, however, the Court finds that an instruction on punitive damages is warranted, the parties submit the above proposed instruction.

29

Plaintiff claims the alleged acts of Defendants were done with malice or reckless indifference to her protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that those responsible for the conduct at issue acted unlawfully and with malice or reckless indifference to plaintiff's federally protected rights. An action is with malice if a person knows that it violates the law and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

That being said, even if you make a finding that there has been an act of unlawful discrimination or retaliation, and you further find that the unlawful action was undertaken with malice or reckless disregard of plaintiff's right to be free from discrimination or retaliation, you cannot award punitive damages if Defendants proves by a preponderance of the evidence that they made a good faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination or retaliation such as that alleged by plaintiff.

Authority: Adapted from 3d. Cir. Model Jury Instructions; Kolstad v. American Dental Association, 527 U.S. 526 (1999).

Respectfully submitted,

Walk & Harman

Walker G. Harman Jr., Esq. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, NY 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
wharman@theharmanfirm.com

Lawrence R. Bailey, Jr., Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
*Attorneys for Defendants*
10 Bank Street, Suite 700
White Plains, NY 10606
Tel.: (914) 286-2805
Fax: (914) 949-5424
lbailey@eckertseamans.com